UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ASHLEY COLEMAN,<br><br>    Plaintiff,<br><br>v.<br><br>CROSSTOWN LAW, LLC, a Minnesota limited liability company,<br><br>    Defendant. | CIVIL ACTION NO.:<br>2:15-CV-00028-KDE-SS<br><br>SECTION: N(1)<br><br>JUDGE: KURT D. ENGELHARDT<br><br>MAGISTRATE: SALLY SHUSHAN |

**DEFENDANT, CROSSTOWN LAW LLC.'S,
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant, Crosstown Law LLC ("Crosstown"), through counsel and pursuant to the Federal Rules of Civil Procedure, submits this Answer and Affirmative Defenses to the Complaint filed by Plaintiff, Ashley Coleman ("Plaintiff"), and states:

**PRELIMINARY STATEMENT**

1.   Crosstown admits that Plaintiff purports to bring this class action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, but denies any and all violations, liability, wrongdoing or damages to the extent alleged in ¶ 1.

**JURISDICTION AND VENUE**

2.   Crosstown admits the allegations in ¶ 2 for jurisdictional purposes only.

3.   Crosstown admits the allegations in ¶ 3 for venue purposes only.

**PARTIES**

4.   Crosstown denies the allegations in ¶ 4 for lack of sufficient information to justify a reasonable belief therein.

5. Crosstown denies the allegations in ¶ 5 for lack of sufficient information to justify a reasonable belief therein and as calling for a legal conclusion.

6. Crosstown denies the allegations in ¶ 6 as calling for a legal conclusion.

7. Crosstown admits it is a Minnesota limited liability company. Except as specifically admitted, the allegations in ¶ 7 are denied.

8. Crosstown denies the allegations in ¶ 8.

### STATEMENT OF FACTS

9. Crosstown reasserts the foregoing as if fully incorporated herein.

10. Crosstown admits that its records reflect that it telephoned plaintiff in a lawful attempt to collect a debt. Except as specifically admitted, Crosstown denies the allegations in ¶ 10 for lack of sufficient information to justify a reasonable belief therein.

11. Crosstown denies the allegations in ¶ 11.

12. Crosstown denies the allegations in ¶ 12.

### FIRST CLAIM FOR RELIEF

### VIOLATION OF THE FDCPA 15 U.S.C. §§ 1692g(a)

13. Crosstown reasserts the foregoing as if fully incorporated herein.

14. 15 U.S.C. § 1692g(a) speaks for itself and is the best evidence of its contents. To the extent plaintiff states otherwise, Crosstown denies the allegations in ¶ 14.

15. Crosstown admits that its records reflect that it began to collect a debt from plaintiff in or around September 2014. Except as specifically admitted, Crosstown denies the allegations in ¶ 15.

16. Crosstown denies the allegations in ¶ 16.

17. Crosstown denies the allegations in ¶ 17.

## DEMAND FOR JURY TRIAL

18. Crosstown denies that plaintiff is entitled to a jury trial.

## PRAYER FOR RELIEF

19. Crosstown denies that plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

AND NOW, further answering the Complaint, Crosstown Law, LLC, avers as follows:

1. To the extent any violations are established, any such violations were not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adopted and specifically intended to avoid any such error.

2. Crosstown denies any liability; however, regardless of liability, Plaintiff has suffered no actual damages as a result of Crosstown's purported violations.

3. One or more claims asserted by Plaintiff are barred by the statute of limitations, laches, estoppel, waiver and/or unclean hands.

4. Assuming Plaintiff suffered any damages, she has failed to mitigate her damages or take other reasonable steps to avoid or reduce her damages.

5. Plaintiff failed to state a claim against Crosstown upon which relief may be granted.

6. Any harm suffered by plaintiff was legally and proximately caused by persons, individuals, corporations, or entities beyond the control or supervision of Crosstown, or for whom Crosstown is not responsible or liable.

7. The plaintiff's claims are subject to an arbitration provision.

WHEREFORE, Defendant, Crosstown Law, LLC, requests the Court dismiss this action with prejudice and grant it any other relief that the Court deems appropriate.

    Respectfully submitted

    /s/Michael D. Alltmont
Michael D. Alltmont, Esq. (Bar No. 32318)
Sessions, Fishman, Nathan & Israel, L.L.C.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA  70002-7227
Telephone:  (504) 828-3700
Facsimile:   (504) 828-3737
Email: malltmont@sessions-law.biz
Attorney for Defendant
Crosstown Law, LLC

**CERTIFICATE OF SERVICE**

I certify that on this 21st day of February, a copy of the foregoing **Answer and Affirmative Defenses** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

>Keren E. Gesund, Esq.
>Gesund & Pailet, LLC
>3421 N. Causeway Blvd.
>Suite 701
>Metairie, LA 70002
>702-300-1180
>Email: gesundk@gesundlawoffices.com
>Attorney for Plaintiff

>>__/s/Michael D. Alltmont_____
>>Attorney

5